### UNITED STATES of America
#### v.
### NATIONAL BANK AND TRUST COMPANY OF CENTRAL PENNSYLVANIA, Lancaster County Farmers National Bank, and the Reading Trust Company

#### and

### William B. Camp, Comptroller of the Currency, Intervenor.
### Civ. A. No. 69–2902.

United States District Court,
E. D. Pennsylvania.

Dec. 7, 1970.

John Clark, Antitrust Division, U. S. Dept. of Justice, Washington, D. C., for the government.

Morris R. Brooke, Drinker, Biddle & Reath, Philadelphia, Pa., Horace E. Smith, Smith & McCleary, York, Pa., George D. Reycraft, Cadwalader, Wickersham & Taft, New York City, for defendants.

Philip L. Roache, Jr., Office of the Comptroller of the Currency, U. S. Treasury Dept., Washington, D. C., for intervenor defendant.

David Berger, Cohen, Shapiro, Berger, Polisher & Cohen, Philadelphia, Pa., for proposed intervenor, Floyd Worley.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court is a motion to intervene by Floyd Worley, in his own behalf and in behalf of other shareholders of defendant Reading Trust Company, pursuant to Fed.R.Civ.P. 24. Petitioner seeks to intervene as a party plaintiff to prevent court approval of a proposed consent judgment which was filed with this court on November 5, 1970, together with a stipulation by plaintiff and defendants providing that the judgment could be entered thirty (30) days thereafter.

The proposed judgment would permit the consolidation of defendants to be consummated, but would require the consolidated bank to sell nine banking offices to parties approved by the Department of Justice, and would also enjoin the consolidated bank, for a period of ten years, from acquiring an interest in any other commercial bank operating in any of the York, Dauphin or Lancaster Counties. The consolidation could not take place until branch applications by the buyers of these nine offices are approved by the appropriate bank regulatory agencies.

In December of 1968, petitioner Worley had instituted a class action proceeding against the Reading Trust Company and various officers and agents thereof, alleging several violations of the Securities Exchange Act of 1934 and certain regulations promulgated thereunder, and also violations of fiduciary duties owed Worley by the defendants named therein. Recently petitioner amended his earlier complaint alleging violations of Section 7 of the Clayton Act; 15 U.S.C. § 18, and Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, as well as other violations comparable

to those alleged at the outset of his action.

On November 19, 1970, petitioner Worley filed this motion to intervene which both the government and the defendants strongly oppose. Petitioner seeks intervention as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure, or, in the alternative, permissive intervention under Rule 24(b).

Petitioner's reasons for seeking intervention in this matter are somewhat unsettled. The contents of petitioner's motion reveal that his reason for seeking intervention is that the proposed consent judgment would deprive him of the *prima facie* evidence of antitrust liability which Section 5(a) of the Clayton Act, 15 U.S.C. § 16(a)[1], would provide upon judgment in favor of the government after trial. However, in oral argument, at the hearing on his motion, petitioner's position appeared somewhat different. Petitioner at that time asserted that he was seeking to intervene for two reasons: first, that his private proprietary interest as a shareholder in one of the defendant banks would be directly affected by the outcome of these proceedings, and second, that the proposed consent decree was not in the public interest.

In attempting to determine petitioner's true motive in seeking to intervene in this matter, it is most important to ascertain from his motion the *relief* which he is seeking to secure through his intervention. On page 13 of his motion, petitioner seeks to have this court reject the proposed consent judgment *unless* the defendants agree: (1) to limited admissions in the judgment of a violation of Section 7 of the Clayton Act for the sole purpose of giving *prima facie* effect to

such admissions in petitioner's pending treble damage litigation; and (2) to resubmit the matter to the shareholders of the defendants for their approval, which resubmission petitioner contends is required by Pennsylvania law, Pa.Stat.Ann. tit. 7, § 1603(d). It is clear that the *relief* petitioner seeks to secure through intervention relates *solely* to petitioner's private interest and not to any alleged public interest. It is equally clear that petitioner's private interest is unimpaired and adequately protected in his pending treble damage litigation and "that treble damage claimants do not have an 'interest' cognizable under Rule 24(a) Fed.R.Civ.P. in Government anti-trust actions seeking injunctive relief." United States v. Automobile Manufacturers Association, 307 F.Supp. 617, 619 (C.D. Cal.1969), aff'd per curiam sub nom. City of New York v. United States, 397 U.S. 248, 90 S.Ct. 1105, 25 L.Ed.2d 280 (1970); United States v. Blue Chip Stamp Company, 272 F.Supp. 432 (C.D. Cal.1967), aff'd per curiam sub nom. Thrifty Shoppers Scrip Company v. United States, 389 U.S. 580, 88 S.Ct. 693, 19 L.Ed.2d 781 (1968).

Petitioner's heavy reliance upon Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967) is somewhat misplaced. That decision is factually dissimilar and clearly distinguishable. In that case the consent decree into which the government had entered after judgment and remand did not abide by the Supreme Court's prior mandate of divestiture. United States v. Western Electric Co., Inc., C.A. 17–49 (D.N.J. filed February 26, 1968), aff'd per curiam sub nom. Clark Walter & Sons,

---

1. Section 16(a), 15 U.S.C. provides as follows:

"A final judgment or decree heretofore or hereafter rendered in any civil or proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title.

**933**

Inc. v. United States, 392 U.S. 659, 88 S.Ct. 2286, 20 L.Ed.2d 1348 (1968); United States v. Automobile Manufacturers Association, *supra*, n. 3.

 Accordingly the court concludes that the petitioner has no right of intervention under Fed.R.Civ.P. 24(a).

Nor should petitioner be permitted permissive intervention under Rule 24(b).

A careful review of the contents of petitioner's motion reveals that his primary reason for seeking intervention is to prevent the entry of the proposed consent judgment in the hope of compelling the parties to litigate this case to judgment, or in the alternative, to include in the consent judgment an admission of liability, commonly called an "asphalt clause", which would produce the same result, thereby promoting the prospects of victory in petitioner's private antitrust suit. Since the defendants will not consent to such a clause, no amicable resolution of the matter could possibly be effected.

It is therefore readily apparent that to permit intervention under Rule 24(b) "would certainly delay and prejudice the adjudication of the original parties". United States v. Automobile Manufacturers Association, supra, 307 F.Supp. at 620.

Turning now to the final matter before the court, petitioner's desire to safeguard and have impounded for his private action, documents obtained from the defendants by the Department. The government has indicated it has no objection to an order impounding such documents in the hands of the Department of Justice, subject to appropriate orders or subpoenas arising from the private litigation. Since it is clear that the court can enter such an order without granting intervention, United States v. Automobile Manufacturers Ass'n, *supra*, at 620, the court directs the parties to confer and stipulate to an order which the court will enter accordingly.

ORDER

And now, this 7th day of December, 1970, it is hereby ordered that the motion to intervene is denied.