**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Robert L. VESCO et al., Defendants.**

**No. 72 Civ. 5001.**

United States District Court, S. D. New York.

Jan. 2, 1973.

Robert E. Kushner, Asst. Gen. Counsel, Securities and Exchange Commission, Washington, D. C., for plaintiff.

Simon J. Nusbaum, New York City, for plaintiff-intervenors.

## MEMORANDUM

STEWART, District Judge:

Pursuant to Rules 24(a) and (b), plaintiffs move this Court for an order permitting them to intervene in this civil injunctive action brought by the Securities and Exchange Commission. Plaintiffs' application asks that they be allowed to participate in all discussions and negotiations between the Securities and Exchange Commission and the defendants in the injunctive action and that they be consulted prior to the Securities and Exchange Commission's submission to this Court of any orders or proposals for relief. Plaintiff intervenors are shareholders of defendants IOS, Ltd. and Fund of Funds, Ltd. and have themselves initiated two derivative stockholder actions in this Court. 72 Civ. 5175 and 72 Civ. 5235. Plaintiffs contend that the Securities and Exchange Commission will not adequately represent and protect these claims for damages which arise out of the same transactions alleged in the Commission's complaint.

The Second Circuit has recently affirmed a District Court ruling by Chief Judge Edelstein denying an application by the plaintiffs to intervene in a Securities and Exchange Commission injunctive action. (SEC v. Everest Management Corp., et al., 72 Civ. 1782 decided December 18, 1972). In *Everest,* the Securities and Exchange Commission charged 44 defendants with 45 causes of action, not unlike the complicated allegations involved in the instant action. Although the Court of Appeals did not file an opinion in *Everest,* the briefs indicated that the major issue before the Court was whether granting the requested intervention would have complicated and delayed the Commission's injunctive action by injecting the question of a jury trial on the plaintiffs' claim for damages and adding new issues both as to the damages and standards of proof.

Similar considerations in the instant action require denial of plaintiffs' application. This is a complex securities fraud action involving numerous individual and corporate defendants. To permit shareholders to intervene in the proceedings and participate in the fashioning of temporary and permanent relief would only serve to multiply the issues and the parties involved and inhibit the Commission's efforts to proceed with prompt disposition of this action. Plaintiffs are in no way prejudiced by denial of their application to intervene since they are free to bring and, indeed, have already filed derivative actions in this Court for redress of their damage claims. Moreover, there is no showing that the Securities and Exchange Commission will or is even likely to take any position which would be antagonistic to the interests of plaintiffs.

In light of the decision in *Everest* and particularly with respect to the importance to all parties of proceeding with a speedy resolution of this controversy, the motion to intervene is denied.

So ordered.