**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

**v.**

**CANADIAN JAVELIN LIMITED et al., Defendants.**

**No. 73 Civ. 5074—LFM.**

United States District Court, S. D. New York.

Oct. 29, 1974.

Samuel H. Sloan, movant pro se.

Larry B. Grimes, Asst. Chief Trial Atty., SEC, Washington, D. C., for plaintiff; W. Michael Drake, Washington, D. C., of counsel.

Diamond & Golomb, P. C., New York City, for defendant Canadian Javelin Limited; Irving L. Golomb, New York City, of counsel.

Moses Krislov, Cleveland, Ohio, for defendants Doyle and Wismer.

## OPINION

MacMAHON, District Judge.

Samuel H. Sloan moves, pro se, pursuant to Rule 24, Fed.R.Civ.P., to intervene in this enforcement action brought by the Securities and Exchange Commission (SEC), in order to obtain an order vacating the judgments of this court, entered by consent of the parties on July 17, 1974, and directing the parties to proceed to trial. He also seeks an order granting him discovery of the transcripts of the depositions of defendants John C. Doyle and William M. Wismer.

This action was settled by the entry of three separate consent judgments against the three defendants on July 17, 1974. The judgments permanently enjoin them from further violations of the securities laws and require defendants to undertake certain steps to ensure that further dissemination of corporate information will be in compliance with the securities laws. Canadian Javelin Limited also agreed to file with the SEC, within sixty days, or a longer period if the SEC consents, all required reports not currently on file and any necessary amendments to existing reports.

The proposed intervenor, Sloan, is no stranger to litigation in this court. On January 7, 1974, he and his brokerage firm were permanently enjoined from

violating the Securities Exchange Act of 1934 and the SEC rules promulgated thereunder by failing to observe the net capital rules and failing to maintain proper records. SEC v. Sloan, 369 F. Supp. 996 (S.D.N.Y.1974). Sloan has also brought several pro se actions in this court, including one against Doyle, Wismer, Canadian Javelin and forty-five other defendants, alleging various securities laws violations in the sale of Canadian Javelin stock. Sloan v. Canadian Javelin Ltd., 73 Civ. 3801; 73 Civ. 4403. Sloan attempted to consolidate those actions with the instant SEC enforcement action, but his motion to consolidate was denied by Judge Bonsal on May 30, 1974. At the same time, Judge Bonsal dismissed the pro se actions with prejudice as to all defendants, except Doyle, Wismer and Canadian Javelin. Sloan v. Canadian Javelin Ltd., CCH Sec.L.Rep. [1973–74 Decisions] ¶ 94, 579 (S.D.N.Y. 1974). Judge Bonsal's decision is now pending on appeal.[1]

Sloan's interest in this litigation stems from his short sale of 33,400 shares of Canadian Javelin stock in July 1973. Shortly after the sale, the price of Canadian Javelin more than doubled, but Sloan claims to have suffered a large financial loss resulting from his inability to purchase shares to cover his short position due to the fact that trading in the stock has been suspended since November 29, 1973.

Rule 24, Fed.R.Civ.P., provides for intervention as of right (Subsection (a)) and permissive intervention (Subsection (b)). The former is permitted "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

■ Sloan, as a short seller of Canadian Javelin stock, undoubtedly has an interest in the transactions upon which this action is based. However, we can perceive no possible impairment of his interest due to the entry of consent judgments against the defendants in this case. The judgments here will have neither res judicata, collateral estoppel, nor *stare decisis* effects on Sloan's own action against these defendants.[2] In addition, Judge Bonsal held that Sloan may file a new complaint against Canadian Javelin, Doyle and Wismer, if it meets "the requirements of the federal securities laws and the Federal Rules of Civil Procedure." Thus, regardless of the outcome of the appeal from Judge Bonsal's decision, Sloan's "interest" will be neither impaired nor impeded by denying intervention and allowing the consent judgments to stand. Moreover, our Court of Appeals has held that intervention as of right by victims of alleged securities frauds in an SEC enforcement action is inappropriate.[3] We conclude, therefore, that Sloan is not entitled to intervene in this action as of right.

■ Permissive intervention is allowed under Rule 24(b) "when an applicant's claim or defense and the main action have a question of law or fact in common." However, "[i]n exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Although Sloan's claim has numerous questions of law and fact in common with the SEC injunction action, we think it would be an abuse of our discretion to permit him to intervene because (1) intervention would prejudice the rights of

---

1. See also, Sloan v. SEC, 74 Civ. 2792; Sloan v. Nixon, 60 F.R.D. 228 (S.D.N.Y.), aff'd, 493 F.2d 1398 (2d Cir. 1974).

2. SEC v. Everest Management Corp., 475 F. 2d 1236, 1239 (2d Cir. 1972).

3. SEC v. Everest Management Corp., *supra*, 475 F.2d at 1239; accord, SEC v. Vesco, 58 F.R.D. 182 (S.D.N.Y.1973).

the parties and the public by upsetting a carefully negotiated settlement, and (2) Sloan's interest in participating in this action at this stage does not justify intervention.

The SEC and the defendants have, through careful negotiation, worked out a settlement designed to ensure the defendants' compliance with the securities laws and to protect the public from further violation of those laws. Sloan has advanced no valid reason why we should vacate the consent judgments and put this case down for trial, thus causing great consternation to the parties, Canadian Javelin's stockholders and, possibly, the public. Congress has entrusted the SEC with the responsibility for protecting the public interest. The SEC has ably discharged that responsibility here by obtaining essentially all the relief originally sought in the complaint. Since we retain jurisdiction over these defendants, any violation of the consent judgments can be readily remedied by use of the contempt power. Moreover, we are not unmindful of the crucial part consent decrees play in the work of the SEC. If we were to allow a private party to vacate such a decree on the flimsy bases put forth here by Sloan, consent decrees might be discouraged and the work of the SEC impeded.[4]

In addition, Sloan's real interest in this case has little to do with that of the public. It is obvious from his affidavit that Sloan has two objectives in intervening: (1) a court order directing the SEC to allow resumption of trading in Canadian Javelin stock; and (2) a trial on the merits.

Sloan desires a resumption of trading because he can cover his short position in Canadian Javelin stock and avoid a huge financial loss only if the company's shares are again traded on the open market, and at a depressed price. Ordering such a resumption of trading, however, is not within our power in this case, as Sloan himself seems to realize, since he has recently brought an action against the SEC (Sloan v. SEC, Civ. 2792), seeking to have the SEC's suspension power declared unconstitutional. We leave determination of that issue to Judge Griesa, before whom it has been properly presented.

Sloan also insists that a full trial on the merits is appropriate here. We see nothing to be gained by the court, parties, public or anyone else, except Sloan, from such a trial, however, since the consent judgments have, for all intents and purposes, terminated this action. Sloan apparently seeks to lay the basis for his private action against these defendants by the trial of this SEC action, thus saving him time, money and effort. We see no reason to burden the court with an unnecessary trial and waste the time of the parties and the public's money merely to make it easier for Sloan to prove his case.[5] We conclude, therefore, that intervention would unduly delay and prejudice adjudication of the rights of the original parties and the public interest and, therefore, deny permissive intervention.[6]

Sloan also seeks discovery of the transcripts of the depositions of Doyle and Wismer. However, it appears that Wismer was never deposed and that Doyle's deposition, taken in Newfoundland, was never transcribed and has never been received by the SEC. Consequently, the transcripts sought do not exist, are not available to the SEC, and cannot be produced. Accordingly, Sloan's discovery request is denied.

4. SEC v. Everest Management Corp., *supra*, 475 F.2d at 1240.

5. United States v. Automobile Mfrs. Ass'n, 307 F.Supp. 617, 621 (C.D.Cal.1969), aff'd sub nom. City of New York v. United States, 397 U.S. 248, 90 S.Ct. 1105, 25 L.Ed.2d 280 (1970).

6. United States v. National Bank & Trust Co. of Central Pa., 319 F.Supp. 930 (E.D. Pa.1970).

Finally, Sloan asks "leave" to appeal, apparently pursuant to 28 U.S.C. § 1292(b). We do not think, however, that at this late date an appeal by Sloan, previously a stranger to this action, will "materially advance the ultimate termination of the litigation" and, therefore, deny his application for certification of a controlling question of law under 28 U.S.C. § 1292(b).

Accordingly, the motion of Samuel H. Sloan to intervene under Rule 24, Fed. R.Civ.P., and to vacate the consent judgments entered July 17, 1974 is denied. Sloan's applications for discovery of the transcripts of the depositions of John C. Doyle and William M. Wismer and for certification of a controlling question of law, pursuant to 28 U.S.C. § 1292(b), are also denied.

So ordered.