**Stephen W. KERNS**

v.

**CONSOLIDATED RAIL CORPORATION**

v.

**BAUSCH & LOMB, INC.**

Civ. A. No. 77-3294.

United States District Court,
E. D. Pennsylvania.

April 28, 1981.

Albert M. Hankin, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Richard L. Goerwitz, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for Conrail.

John P. Penders, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for Bausch & Lomb.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Stephen Kerns, instituted this negligence action against the Consolidated Rail Corporation (Conrail) under the Federal Employers' Liability Act (FELA), 45 U.S.C.A. § 51 et seq., for personal injuries sustained on June 14, 1977 when glass from the right lens of a pair of safety glasses became lodged in the plaintiff's right eye while he was working on a Conrail production gang as a trackman. Conrail, pursuant to Fed.R.Civ.P. 14, joined Bausch & Lomb, Inc. (B&L) as a third party defendant, and the plaintiff thereafter asserted a claim against B&L. This action was tried before a jury from April 30, 1980 to May 8, 1980. The jury answered interrogatories that resulted in a verdict in favor of the plaintiff against B&L for $1000.00 for loss of earnings to the date of verdict and for pain and suffering. The plaintiff subsequently filed a motion for a new trial. After carefully considering all of the grounds alleged by the plaintiff, this Court has determined that the plaintiff's motion for a new trial should be denied.

Motions for a new trial require the exercise of discretion by the Court, whose "duty is essentially to see that there

is no miscarriage of justice." 6A *Moore's Federal Practice* ¶ 59.08[5], at 59–160 (footnote omitted) (2d ed. 1974); *Thomas v. E. J. Korvette, Inc.,* 476 F.2d 471, 474–75 (3d Cir. 1973). The jury's verdict may be set aside only if manifest injustice will result if it were allowed to stand. The Court may not substitute its own judgment for that of the jury merely because the Court may have reached a different conclusion.

At trial the plaintiff testified that he was working on a Conrail production gang as a trackman on June 14, 1977, and on that day the gang was repairing ties on the tracks near Dover, Delaware. The plaintiff was assigned to pull tie plates on that day, and this assignment required that he work approximately ten to fifteen feet behind a tie cutting machine located on the track. The plaintiff testified that he was wearing a pair of safety glasses on that day, and that shortly after lunch break, while he was "walking up to the next tie that had been cut," (N.T. 1.32), a stone struck the right lens of the plaintiff's safety glasses and shattered the lens. The plaintiff further testified that small pieces of the shattered lens entered his right eye, and that these pieces were removed at a hospital shortly after the accident.

The plaintiff claimed that Conrail was negligent under the FELA in providing the plaintiff with defective safety glasses. Conrail's third party claim against B&L and the plaintiff's claim against B&L alleged that B&L had manufactured the safety glasses worn by the plaintiff on the day of the accident and that the right lens of the goggles was defective under section 402A of the Restatement (Second) of Torts. The jury, by its answers to interrogatories, found that B&L manufactured or sold the safety glasses worn by the plaintiff on the day of the accident. The jury further found that the plaintiff's injury was not caused in whole or in part by the negligence of Conrail. The jury found, however, that the right lens of the safety glasses was

defective under section 402A and that the defect proximately caused the plaintiff's accident. As previously stated, the jury awarded the plaintiff $1000.00 in damages.

### I. *Testimony of Dr. Kool*

The first basis alleged by the plaintiff in support of his motion for a new trial is that the Court erred in permitting Dr. Kenneth Kool, a psychiatrist retained by B&L who conducted an examination of the plaintiff, to testify. The plaintiff claims that the failure of Dr. Kool to provide the plaintiff with a report of his examination of the plaintiff violated Fed.R.Civ.P. 35(b) and Local Rule of Civil Procedure 8,[1] and that the Court should therefore have not permitted Dr. Kool to testify.

During trial the plaintiff testified that since the date of the accident his right eye had been very sensitive to light and that he had been experiencing pain in his right eye and severe headaches whenever he was exposed to bright lights or whenever he stayed outdoors for any extended period of time. The plaintiff called Dr. Anthony Tornay, a neurologist and psychiatrist, who had examined the plaintiff. Dr. Tornay testified that the plaintiff, as a result of the accident, had developed photophobia and was in a state of anxiety and depression. Dr. Tornay further testified that there was no neurological basis for the plaintiff's complaints of pain and headaches. Dr. Kool, who was retained by B&L, also examined the plaintiff and testified that opthamology reports on the plaintiff revealed that there were no neurological problems with the plaintiff's right eye and that the visual acuity in the plaintiff's right eye had not been impaired. Dr. Kool further testified that the plaintiff did not develop any mental illness or psychiatric disability as a result of the accident, and that the plaintiff showed no signs of anxiety or depression. It was also Dr. Kool's opinion that the plaintiff had developed photosensitivity a number of years prior to his accident.

---

1. Local Rule 8 was revoked on July 23, 1980, but was reenacted substantially verbatim on that date as new Local Rule 26.

On the morning of the day that Dr. Kool was scheduled to testify, plaintiff's counsel objected to the Court's permitting Dr. Kool to testify. At sidebar counsel for B&L stated that he had never requested a written report from Dr. Kool. Dr. Kool stated out of the presence of the jury that he did not have a written report concerning his examination of the plaintiff, and that he only had notes which he had taken during his examination of the plaintiff. Plaintiff's counsel therefore objected to any testimony by Dr. Kool because he had not received a report of Dr. Kool's examination of the plaintiff.

Dr. Kool had been listed by B&L as an expert witness in the final pretrial order, which was signed by all counsel and the trial judge. Furthermore, plaintiff's counsel had attended Dr. Kool's examination of the plaintiff, which occurred on October 12, 1979. On November 5, 1979, counsel for B&L sent plaintiff's counsel a letter which stated:

> In accordance with Judge Broderick's pretrial order requirements, the following is a brief summary of what I anticipate to be the trial testimony of Dr. Kenneth Kool.
>
> Dr. Kool examined Mr. Kerns recently, at which time the patient presented an appropriate affect. The Doctor found no clinical symptoms of mental illness nor any clinical evidence of depression.
>
> It is Dr. Kool's opinion that some or all of the symptoms about which the Plaintiff complained prior to his examination by Dr. Kool are related to events which predated the accident.
>
> I'm enclosing a copy of Dr. Kool's curriculum vitae for inclusion in the pretrial order at the time of the trial.

At no time in the six month period between his receipt of the November 5, 1979 letter and the beginning of trial did plaintiff's counsel make a demand on the record for a written report from Dr. Kool.

■ Fed.R.Civ.P. 35(b), which deals with the right of a party to receive a written report of a medical examination ordered by the Court to be performed upon him, provides:

> (1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition. . . . The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if a physician fails or refuses to make a report the court may exclude his testimony if offered at the trial.

Likewise, Local Rule 8 provided:

> In every civil action now pending or hereafter filed in this Court involving a claim for damages on account of personal injuries allegedly sustained, counsel for all parties shall exchange copies of all reports of medical examinations of any person for whose alleged personal injuries damages are sought by any party at least ten days before the pre-trial conference. . . .
>
> . . . .
>
> Failure to comply with the terms of this Rule may, in the discretion of the judge, result in the exclusion of medical testimony relating to findings contained in reports which were not exchanged. The judge may also refuse to permit the testimony of any medical witness who has not made a written report of his examination in time for it to be exchanged in compliance with this Rule before the pretrial conference.

Rule 35(b) permits, but does not require, the Court to exclude the testimony of a doctor if the doctor fails or refuses to deliver a report to the other party. 8 *Wright & Miller, Federal Practice And Procedure* § 2237 (1970). Local Rule 8 likewise gives the trial judge discretion to exclude medical testimony where a report has not been provided to the other party.

■ In this action, plaintiff's counsel attended the examination of his client by Dr.

Kool. Approximately six months prior to the date of trial, counsel for B&L, as required by the final pretrial order, sent plaintiff's counsel a summary of Dr. Kool's testimony. No request was made by plaintiff's counsel on the record before trial for a report from Dr. Kool himself. At a sidebar conference at trial, the Court stated that it would have ordered Dr. Kool to prepare a report and deliver it to plaintiff's counsel if such a request had been made prior to trial. The Court, in the exercise of its discretion, however, ruled that Dr. Kool should be permitted to testify on the ground that, pursuant to the final pretrial order, plaintiff's counsel had received a summary of the testimony which Dr. Kool intended to give at trial. Our Third Circuit has stated that "exclusion of evidence is a drastic sanction," *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1202 (3d Cir. 1978), and plaintiff's counsel in this action knew in advance the opinions which would be elicited from Dr. Kool. Furthermore, the testimony of Dr. Kool, which in part contradicted the testimony of Dr. Tornay, was "of critical importance" to B&L's case. *DeMarines, supra*, at 1202. The Court is therefore of the opinion that, under the circumstances presented above, the testimony of Dr. Kool was properly admitted at trial.

## II. *Exclusion of Plaintiff's Res Ipsa Loquitur Theory*

The second ground alleged by the plaintiff in his motion for a new trial is that the Court erred by failing to charge the jury on the theory of res ipsa loquitur. The plaintiff claims that the jury could have inferred from the evidence that the stone which shattered the right lens of the plaintiff's safety glasses was thrown by the tie cutting machine that was located approximately ten to fifteen feet in front of him, and that a res ipsa loquitur charge was justified on this basis.

■ In support of his position, the plaintiff relies on the case of *Fassbinder v. Pennsylvania Railroad Company*, 322 F.2d 859 (3d Cir. 1963). In *Fassbinder*, which was an FELA action, our Third Circuit stat-

ed that a res ipsa loquitur charge must be given where: 1) the mechanism which caused the accident was within the exclusive control of the defendant; and 2) the accident would not ordinarily have occurred in the absence of negligence. The plaintiff in *Fassbinder* was injured when he attempted to close the door of a railroad car which had become stuck due to a defective "gripping device" on the door.

■ In the final pretrial order, the plaintiff stated with respect to Conrail:

Plaintiff contends that the defendant, Consolidated Rail Corp., was negligent in providing unsafe "safety goggles."

No other theory of liability as to Conrail was mentioned in the final pretrial order. Our Third Circuit recently stated that the final pretrial order

supersedes the pleadings and directs the future course of action. Theories of liability not raised pretrial may be considered dropped from the case.

*Price v. Inland Oil Co.*, 646 F.2d 90, 95 (3d Cir. 1981); *see* Fed.R.Civ.P. 16. The thrust of the evidence presented by the plaintiff at trial focused on whether Conrail had furnished the plaintiff with the safety glasses that he was wearing on the day of the accident, whether B&L had manufactured these safety glasses, and whether the right lens of the safety glasses was defective. The plaintiff did not present testimony that the accident would not ordinarily have occurred in the absence of negligence. *Fassbinder, supra*. For these reasons, the Court did not charge the jury on res ipsa loquitur.

■ Furthermore, the plaintiff, on the basis of his testimony, was awarded damages against B&L. Thus, since the plaintiff received compensation for his injuries resulting from the accident, and since the amount of damages would not have been increased by a finding that Conrail was also liable to him, the plaintiff has not demonstrated any manifest injustice which might serve as a basis for granting a new trial. *Hannigan v. Sears, Roebuck and Co.*, 410 F.2d 285 (7th Cir.), *cert. denied*, 396 U.S. 902, 90 S.Ct. 214, 24 L.Ed.2d 178 (1969);

*Smith v. Lees,* 431 F.Supp. 923 (E.D.Pa. 1977); Fed.R.Civ.P. 61.

### III. *Inconsistent Verdict*

█ The plaintiff further contends that the jury's verdict was inconsistent, and that a new trial should therefore be granted. As previously stated, the plaintiff claimed that Conrail was negligent under the FELA in providing him with defective safety glasses, and that B&L was liable under section 402A for manufacturing defective safety glasses. The jury, in its answers to interrogatories, found that the plaintiff's injury was not caused in whole or in part by Conrail's negligence. The jury did find, however, that B&L manufactured the safety glasses, that the right lens of the safety glasses was defective, and that the defect was the proximate cause of the injury. There is nothing inconsistent with the jury's finding that although the safety glasses were defective under section 402A, Conrail exercised ordinary care under the circumstances when it provided the plaintiff with the safety glasses. *See Wagner v. International Harvester Co.,* 611 F.2d 224 (8th Cir. 1979); *Neider v. Chrysler Corp.,* 361 F.Supp. 320 (E.D.Pa.1973), *aff'd mem.,* 491 F.2d 750 (3d Cir. 1974). The plaintiff is therefore not entitled to a new trial on this basis.

### IV. *Weight of the Evidence*

█ The plaintiff finally contends that a new trial should be granted because the verdict was against the clear weight of the evidence. The Court concludes that there was more than sufficient evidence upon which the jury could base its verdict. The record shows that there was conflicting testimony during the trial, and that the credibility of the plaintiff was placed in issue. The credibility of witnesses, however, is for the jury to determine and the Court cannot grant a new trial merely because the evidence was in conflict. *Lewin v. Metropolitan Life Insurance Co.,* 394 F.2d 608 (3d Cir. 1968). The Court will therefore deny the plaintiff's motion for a new trial on this ground.

### V. *Conclusion*

Although the plaintiff has raised several bases upon which he claims this Court should grant a new trial, none of these bases support the plaintiff's claim. The Court concludes that manifest injustice will not result if the verdict in this action is permitted to stand. *Thomas, supra.* An order will accordingly be entered denying the plaintiff's motion for a new trial.

