Albert **SALVATORE**

v.

**AMERICAN CYANAMID CO.**

Civ. A. No. 79–0526.

United States District Court,
D. Rhode Island.

April 14, 1982.

Joseph A. Kelly, Providence, R. I., for plaintiff.

---

Amedeo C. Merolla, Providence, R. I., for defendant.

## MEMORANDUM OPINION AND ORDER

PETTINE, Chief Judge.

This is an appeal from a discovery order entered by the United States Magistrate, Frederick R. DeCesaris. The Magistrate ordered defendant to provide plaintiff with a report prepared by Dr. Schaumburg concerning the medical examination Dr. Schaumburg conducted on plaintiff. Defendant objects on the ground that Dr. Schaumburg never prepared a report; hence defendant claims there is nothing to be produced. I affirm the order of the Magistrate.

The question here is a difficult one; I have been unable to find guiding precedent in any published opinion. Rule 35(b) of the Federal Rules of Civil Procedure expressly imposes a duty on a party examining an opposing party pursuant to Rule 35(a) or by agreement of the parties to produce the report of the examining physician. The question here is whether the examining party has the additional duty to ensure that the physician prepare a report.

I begin with the language ·of Rule 35(b)(1). That subdivision provides:

If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is

made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not‟a party, the party shows that he is unable to obtain it. The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if a physician fails or refuses to make a report the court may exclude his testimony if offered at the trial.

The first sentence of this subdivision appears to impose an absolute duty on the examining party to deliver a physician's detailed report if the examined party requests it. In the absence of any other provision, I would have no difficulty construing the sentence as requiring the examining party to prepare a physician's report.

Defendant points out, however, that the last sentence of Rule 35(b)(1) states that "if a physician fails or refuses to make a report the court may exclude his testimony if offered at trial." Defendant asserts that this provision manifests the Rule's contemplation of the situation in which the physician does not prepare a report. In that situation, defendant argues, the Rule provides a sanction: exclusion of the physician's testimony. According to defendant, that sanction is exclusive. A court can no more order production of a non-existent medical report, than it can order production of a non-existent transcript. *See S.E.C. v. Canadian Javelin Ltd.*, 64 F.R.D. 648, 651 (S.D.N.Y.1974), *appeal dismissed*, 538 F.2d 313 (2d Cir. 1976).

■ Defendant misconceives the nature of the Court's power to exclude testimony under the last sentence of Rule 35(b)(1). This provision neither mandates exclusion of testimony by a physician who fails to prepare a report nor limits the Court's power to take other remedial steps.[1] Defend-

1. Both propositions are illustrated by *Kerns v. Consolidated Rail Corp.*, 90 F.R.D. 134 (E.D.Pa. 1981). The plaintiff was examined by defendant's psychiatrist, Dr. Kool, but did not request a copy of his report. At trial, the plaintiff objected to the court's permitting Dr. Kool to testify. Dr. Kool stated that he had not prepared a report. Because plaintiff had a summary

of Dr. Kool's testimony and had failed to request the report earlier, the court refused to exercise its discretion to exclude Dr. Kool's testimony. The court did note "that it would have ordered Dr. Kool to prepare a report and deliver it to plaintiff's counsel if such a request had been made prior to trial." *Id.* at 139.

**158**

ant's construction of the Rule ignores the difference between Rule 35 and other discovery procedures. Like the other discovery rules, Rule 35 permits the discovering party to obtain information. Unlike the other discovery rules, Rule 35(a) specifically provides that the discovering party may utilize the coercive power of the Court to invade the examined party's privacy.[2]

Certain consequences attach to the use of the power granted by Rule 35(a). The examined party may request a copy of the physician's report, regardless of whether the examining party intends to call the physician at trial. By making that request, "the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition," Rule 35(b)(2), and the examining party becomes entitled to reports prepared by the examined party's physicians. The court may exclude his testimony if a physician fails or refuses to prepare a report.

■ That the Court can exclude a physician's report does not mean that the Court must tolerate defendant's conduct here. There is no suggestion that Dr. Schaumburg has refused to prepare a report. It is more likely that defendant received an oral report from Dr. Schaumburg, decided it did not like what it heard, and therefore told Dr. Schaumburg not to bother preparing a report. Defendant's attempt to keep Dr. Schaumburg's findings secret abuses the judicial process in two respects. First, defendant would have the Court require plaintiff to submit to a physical examination without granting plaintiff his corresponding right to receive the findings of the physician. Second, defendant advocates a position which might lead to the suppres-

sion of valuable evidence in this case. Dr. Schaumburg has examined plaintiff and has undoubtedly formed an opinion of plaintiff's condition. Unlike plaintiff's own doctors, Dr. Schaumburg is, in some sense, "an 'officer of the court' performing a non-adversary duty." *Warrick v. Brode*, 46 F.R.D. 427, 428 (D.Del.1969). For this reason, and because he was selected by defendant, Dr. Schaumburg's testimony, if favorable to plaintiff, would have considerable weight with the fact-finder.

The sanction of excluding Dr. Schaumburg's testimony is inadequate in this case. Defendant evidently does not intend to call Dr. Schaumburg; plaintiff's submission to a medical examination thus garners him no corresponding benefit. Exclusion of testimony seems most appropriate in two situations. First, if a doctor simply refuses to prepare a report, a court should exclude his testimony, there being no power in a court to order a non-party to prepare a report.[3] Second, if the examining party requests the examined party to supply his own physicians' reports, the examined party may not be able to obtain them. Some of the examinations might pre-date the litigation, and a physician might not have prepared a report. By the time a request for the report is made, it might be too late to prepare it. Exclusion of that physician's testimony might be warranted in those instances. These examples merely by way of illustration are not all inclusive; nor are they cited as exclusionary of other remedial steps the Court might deem appropriate.

Here, however, Dr. Schaumburg presumably could prepare a report of his recent examination of plaintiff. The Magistrate has ordered plaintiff to pay for the expense of preparing the report; therefore no injustice will befall defendant. The Magistrate's order is affirmed in all respects,

---

**2.** Although plaintiff agreed to submit to Dr. Schaumburg's examination without being ordered to do so by the Court, his agreement was made with the knowledge that defendant could have applied for an order under Rule 35(a). That the court's coercive power lies in the background of every agreement to submit to a

medical examination is recognized by Rule 35(b)(3), which provides that Rule 35(b)(1) applies when the parties agree to an examination.

**3.** Obviously, serious sanctions would result if a party collusively obtained the doctor's failure to prepare a report.

except that defendant will have until April 15 to produce the report. Should the doctor refuse to prepare a report the plaintiff may file a motion in this Court for such other relief as the Court may find is then warranted.

So Ordered.