**Stephen R. CROWE, et al., Plaintiffs,**

v.

**Ellen M. NIVISON, et al., Defendants.**

**Civ. No. K–91–3334.**

United States District Court,
D. Maryland.

Jan. 28, 1993.

Paul D. Bekman, Israelson, Salsbury, Clements & Bekman, Baltimore, MD, and Allen H. Smith, York, PA, for plaintiffs.

Robert P. Schlenger, Baltimore, MD, for defendant Ellen Nivison.

David F. Albright, Jr., Horn & Bennett, P.A., Baltimore, MD, for defendant Statesman Ins. Co.

FRANK A. KAUFMAN, Senior District Judge.

This case involves an automobile accident in which plaintiff Stephen R. Crowe was allegedly injured. Before plaintiffs instituted the within case, the insurer of defendant Ellen Nivison requested that Stephen Crowe submit to an orthopedic examination by Dr. Paul Asdourian. The plaintiffs, represented by counsel, agreed. The examination took place, Dr. Asdourian made a written report to the said insurer, and the latter provided that report to plaintiffs' counsel, all in accordance with the provisions of Fed.R.Civ.Proc. 35.

Discovery has almost been completed in this case and it is scheduled for trial. Plaintiffs have now noted the *de bene esse* deposition of Dr. Asdourian for use at trial. Defendant Ellen Nivison now seeks a protective order preventing plaintiffs from so deposing Dr. Asdourian on the grounds that the provisions of Fed.R.Civ.Proc. 26(b)(4)(B) and/or the Work Product Doctrine bar such discovery of an expert, retained in anticipation of litigation and who is not expected to be called as a witness at trial, absent a showing of exceptional circumstances. This Court finds Defendant Nivison's argument unpersuasive.

There would appear to be no reason why plaintiff cannot call Dr. Asdourian as a witness, nor any reason why the plaintiff cannot take and utilize Dr. Asdourian's *de bene esse* deposition as plaintiff proposes to

do. This is not a case of the type cited by defendant in which Fed.R.Civ.Proc. 26(b)(4)(B), the work product doctrine, or any other rule or principle entitles a party to draw a curtain between an expert, whom that party has retained or consulted before trial but whom that party does not intend to call as a witness at trial, and the opposing party. *See, e.g., Eliasen v. Hamilton,* 111 F.R.D. 396 (N.D.Ill.1986); *United States v. Hooker Chemicals and Plastics Corp.,* 112 F.R.D. 333 (W.D.N.Y.1986). Rather, this is a case in which plaintiff has appropriately received, and would have been able to demand that he receive, a copy of Dr. Asdourian's report pursuant to Fed. R.Civ.Proc. 35. *See, e.g., Salvatore v. American Cyanamid Co.,* 94 F.R.D. 156 (D.R.I.1982). Rule 35 balances the privacy interests of the party examined with the interest of the party seeking the examination, the judicial system, and society as a whole in arriving at the truth of the matter at issue. Charles A. Wright and Arthur R. Miller, 8 *Federal Practice and Procedure: Civil* § 2231 (1970 & Rev.Supp.1992). In return for suffering an invasion of his person, the examined party is entitled to make use of such information as results from the examination. This Court now holds that such use comprehends the taking of a *de bene esse* deposition of the examining physician for use at trial. Accordingly, Defendant's Motion for a Protective Order is hereby DENIED.