**EMPIRE LIFE INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant,**

v.

**Robert L. LORENZ et al., Defendants,**

**Surfside Estates, Inc., et al., Defendants-Appellees.**

No. 71–1527

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 15, 1971.

Douglas E. Bergman, Tom Thomas, Dallas, Tx., Ormand & Thomas, Dallas, Tex., for plaintiff-appellant.

Thomas W. Luce, III, Daniel K. Hennessy, Dallas, Tex., Egerton K. van den Berg, Francis V. Gay, Orlando, Fla.,

* [1]  Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

van den Berg, Gay, Burke & Dyer, Orlando, Fla., for defendants-appellees.

Before WISDOM,[1] COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Empire Life Insurance Company of America (Empire), an Alabama corporation with its home office in Dallas, Texas, brought suit in the district court to enjoin the prosecution of a civil action which had been commenced months previously in the Circuit Court of the Ninth Judicial Circuit of Florida for Orange County, Florida. The district court initially granted Empire a temporary restraining order but after a hearing refused to issue a temporary injunction. Empire has appealed from the district court's refusal. For reasons briefly outlined below, we affirm.

In June, 1968, Empire contracted to purchase the capital stock of the Centennial Reserve Life Insurance Company from six sellers. In payment for the stock, Empire agreed to issue annuity policies to individuals designated by the sellers. One of the beneficiaries of this annuity payment plan was Frances W. Tompkins, plaintiff in the Florida state court proceeding and a defendant below.

Empire made several payments under the annuity contracts until a dispute arose concerning alleged misrepresentations which had been made by the sellers of the Centennial stock to Empire concerning the value of the assets held by Centennial. When Empire terminated its payments under the annuity contracts, Frances W. Tompkins brought suit in the Florida state court against Empire for breach of contract. Empire was named a defendant, served with process and duly appeared in the Florida proceeding, but made no attempt to remove the matter to a federal court in the State of Florida. Of course the case was removable under Title 28, U.S. C., Section 1441.

The Florida state court suit was commenced August 21, 1970. On January 29, 1971, Empire brought this suit in the Texas federal court alleging that the sellers of the Centennial stock had violated several provisions of the federal securities statutes and the regulations of the Securities Exchange Commission in connection with the sale of the Centennial stock to Empire. Empire asserted that its complaint presented several issues of controlling federal law which would be more appropriately litigated in a federal court than in a Florida state court action for breach of contract.

In refusing to issue a preliminary injunction, the district court held that Title 28, U.S.C., Section 2283,[2] the "anti-injunction" statute, barred a federal court from granting the requested equitable relief, citing ACL Railroad Company v. Brotherhood of Locomotive Engineers, 1970, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234. The district court also noted the failure of Empire to seek removal of the Florida suit to a federal court as decisive in any event against its right to injunctive relief at such a late date.

As held by the lower court Atlantic Coast Line effectively barred that court from enjoining the prosecution of the Florida state court proceeding involved in this case. We also agree that the failure to remove the Florida case was sufficient equitable ground for denial of temporary injunction.

Affirmed.

---

1. Judge Wisdom participated in the decision to place this case on the Summary Calendar and to affirm the judgment of the court below. He did not participate in the preparation or rendition of this opinion, Title 28, U.S.C., § 46(d).

2. Title 28, U.S.C. Section 2283: A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.