This action arose out of what began as a boundary line dispute.
Thomas and Marie Guthrie owned Lot 24; Wilber and Mavis Collins owned adjacent Lot 25. There was a dispute between them over the location of the boundary line between them. The Guthries sold their lot to Willie E. and Sara E. Ozley on April 3, 1973; the Collins' dispute over the boundary continued with the new owners. On January 15, 1976, the Collinses sued the Ozleys, and asked the court to fix the true boundary. The Ozleys answered the complaint and, in a third party action, sued the Guthries, claiming that the Guthries, when they sold the lot to them, had misrepresented *Page 861 
the facts, and had breached not only their contract, but also warranties they had made at the time.
At the close of the evidence in this original action, the Guthries moved for a directed verdict. At first, the trial court granted the motion only as to the counts alleging fraud and denied it as to the other counts, but upon reconsideration, the court directed a verdict as to all claims. On July 2, 1976, the court established the boundary line at a location adverse to the Ozleys' interest. This judgment was never modified or altered and no timely appeal was taken.
On December 8, 1976, the Ozleys filed the instant suit against the Guthries. They alleged misrepresentation and breach of an express warranty in and concerning the sale of Lot 24.
The Guthries filed a motion for summary judgment, claiming:
(1) That the cause of action upon which the prior judgment was rendered is the same cause of action as the one involved in the present action.
(2) That the parties to the former action are bound by the judgment rendered therein, the same as the parties to the present action.
(3) That judgment was rendered on the merits of the case and that judgment was final and has not been modified or set aside, and is still in full force and effect.
Summary judgment was rendered in favor of the Guthries and the case dismissed on September 21, 1978. The Ozleys appeal. We affirm.
The purpose of third party practice provided for in Rule 14, A.R.C.P. is to avoid multiple suits, to allow an entire controversy to be disposed of in one action, thereby saving time and cost and avoiding the serious handicap to the defendant of a time difference between the judgment against him and the judgment in his favor against the party liable over to him. Campbell Contr. Eng'rs Inc. v. Water Works and Sewer Bd.of the City of Prichard, Ala., Inc., 52 Ala. App. 129,290 So.2d 194 (1974).
It is a well settled principle of our law that matters once adjudicated are settled and determined. This principle is embodied in the doctrine of res judicata. The essential elements of res judicata are: (1) a prior judgment rendered by a court of competent jurisdiction; (2) substantial identity of the parties in the two suits; (3) identity of issues in the two suits, and (4) prior judgment rendered on the merits. Wheelerv. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala. 1978). Where these elements are present, as they are in the present case, the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. McGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976).
The trial court's grant of summary judgment is to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.