**ULTRACASHMERE HOUSE, LTD., a corporation, Plaintiff,**

v.

**Ted MEYER d/b/a Alex Rice Company, Defendant.**

Civ. A. No. 80–520–N.

United States District Court, M. D. Alabama, N. D.

Dec. 12, 1980.

Miller & Pappanastos, Charles P. Miller, Montgomery, Ala., for plaintiff.

Ball, Ball, Duke & Matthews, John R. Matthews, Jr., Montgomery, Ala., for defendant.

## ORDER

HOBBS, District Judge.

The above styled cause is now before the Court on plaintiff Ultracashmere's complaint filed herein on December 11, 1980, to compel arbitration and motion to stay state court proceedings, and on defendant's motion to dismiss plaintiff's complaint and to deny plaintiff's motion for a stay of state court proceedings, filed herein on the same day. Upon consideration of said motions and arguments of counsel, and for the reasons set out below, the Court is of the opinion that plaintiff's motion to stay state court proceedings should be denied. A ruling on defendant's motion to dismiss plaintiff's complaint to compel arbitration is deferred pending further consideration by the Court.

Sometime prior to March, 1980, plaintiff Ultracashmere attempted to compel arbitration between the two parties to this lawsuit, pursuant to an arbitration clause contained in a written contract between the parties. Following this attempt by plaintiff Ultracashmere, defendant Meyer brought an action in state court to resolve the contract dispute between the parties; *Ted Meyer d/b/a Alex Rice Company v. Ultracashmere House, Ltd.*, Civil Action No. CV–80–493–T. The state court action was filed in the Circuit Court for Montgomery County, Alabama in March, 1980.

Plaintiff seeks a stay of the state court action one working day prior to the commencement of the final stage of those proceedings. The state court has already resolved all issues in that proceeding except the amount of damages allowable to plaintiff, the issues of liability having been litigated and decided adversely to Ultracashmere. The state court has determined that the arbitration clause contained in the con-

tract between the parties is unenforceable. Plaintiff did not effect a timely and proper removal of the state court action to this Court at the time the defendant in this suit filed its state court complaint. None of the parties denies that such removal could have been effectuated pursuant to 28 U.S.C. § 1441. Instead, plaintiff filed an answer and counterclaim to defendant's state court action, took depositions of witnesses, and proceeded to litigate the same dispute for which it now seeks an order compelling arbitration and a stay.

The Court's discretion under 28 U.S.C. § 2283 is well established. See *Commonwealth Edison v. Gulf Oil Corp.*, 541 F.2d 1263 (7th Cir. 1976). In making its decision, the Court may consider general principles of equitable jurisprudence. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 482 F.Supp. 788 (D.C.Fla.1980). In the instant case, plaintiff waited over nine months to assert its claim in this court. As noted, in the interim, plaintiff Ultracashmere filed an answer and counterclaim in the state court suit, engaged in discovery proceedings in that suit, and lost motions for partial summary judgment. Under these circumstances, and even assuming *arguendo* that this Court has the authority to act, it declines to exercise its power under Title 28, U.S.C. § 2283 to enjoin the now substantially completed state court proceedings.

Such a conclusion is consistent with the purposes of the Federal Arbitration Act. As more than one court has stated in the past:

> " 'Arbitration laws are passed to expedite and facilitate the settlement of disputes and avoid the delay caused by litigation.'
> "It was never intended that these laws should be used as a means of furthering and extending delays. The policy of the U. S. Arbitration Act is to eliminate the expense and delay of extended court proceedings preliminary to litigation. The Act was not intended to be used as an instrument to protract litigation or make it more expensive." *Gulf Central Pipeline Co. v. Motor Vessel Lake Placid*, 315

F.Supp. 974 (E.D.La.1970) [quoting *Radiator Specialty Company v. Cannon Mills, Inc.*, 97 F.2d 318, 319 (4th Cir. 1938)].

For all of the above reasons, the Court concludes that plaintiff's motion for a stay of state court proceedings should be denied. It is, therefore,

ORDERED that plaintiff's motion for stay of state court proceedings, filed herein on December 11, 1980, be and the same is hereby denied.

It is further ORDERED that all other motions now before the Court be and the same are hereby deferred, pending further consideration by the Court.