**MILLTEX INDUSTRIES CORP.,**
**Plaintiff–Appellee,**

**v.**

**JACQUARD LACE COMPANY, LTD.,**
**Defendant–Appellant.**

**No. 195, Docket 89–9190.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 1, 1990.

Decided Jan. 4, 1991.

Avrom R. Vann, New York City (Vann & Slavin, New York City, of counsel), for defendant-appellant.

Arthur R. Lehman, New York City (Lehman & Gikow, New York City, of counsel), for plaintiff-appellee.

Before VAN GRAAFEILAND, MESKILL and WALKER, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Griesa, J., entered on October 30, 1989 after a bench trial, awarding damages for breach of an oral contract to plaintiff-appellee Milltex Industries Corporation (Milltex). In entering this judgment the district court refused to give res judicata effect to a judgment entered in the State of Alabama, Circuit Court of Madison County (Alabama court) on February 22, 1989. The Alabama judgment involved the same parties and decided issues identical to those in the federal action. The Alabama court, however, ruled in favor of the defendant-appellant Jacquard Lace Company (Jacquard). The questions presented on appeal are whether the district court erred in refusing to grant full faith and credit to the Alabama judgment, whether the district court erred in its method of calculating damages, whether the district court erroneously found the oral contract to fall outside the statute of frauds, and whether the district court erred in permitting counsel for Milltex to present during summation material not previously admitted into evidence. Jacquard also seeks sanctions against Milltex pursuant to 28 U.S.C. § 1927. Because we decide that the district court erred in failing to give res judicata effect to the Alabama judgment, we need address no other question except the one dealing with sanctions.

We vacate the judgment of the district court and remand for further proceedings. Appellant's motion for sanctions is denied.

## BACKGROUND

Plaintiff-appellee Milltex, a New York corporation engaged in the wholesale fabric business, and defendant-appellant Jacquard, an Alabama corporation engaged in fabric manufacturing, entered into an oral agreement in which Jacquard agreed to manufacture griege lace fabric for Milltex. Milltex claims the contract called for 40,000 pounds of fabric, while Jacquard claims it required 20,000 pounds. Jacquard ultimately delivered approximately 20,000 pounds of griege lace fabric to Milltex. Milltex refused to pay for the fabric that was delivered.

Jacquard brought suit in Alabama in the Circuit Court of Madison County based on Milltex's failure to pay for the approximately 20,000 pounds of lace delivered to Milltex. Milltex, in turn, filed an action in United States District Court for the Southern District of New York seeking damages for breach of contract resulting from Jacquard's failure to deliver the full 40,000 pounds of lace. Each party asserted counterclaims in the suit it was defending. Immediately before trial in federal court, Jacquard made a motion for summary judgment which the district court denied finding the motion untimely and the existence of questions of material fact. The federal trial commenced on February 15, 1989. It adjourned early on February 17, 1989 at the request of Jacquard, purportedly to allow Jacquard's witness to return to Alabama for the holiday weekend.

On February 21, however, unbeknownst to Judge Griesa, the state court action was ready for trial before the Alabama court. Both parties had been aware of this court date for some time. Despite Milltex's request for a continuance, the state court action was scheduled for trial the next day. Milltex went to the federal district court in

New York on February 21, 1989 and secured a temporary restraining order (TRO), which required a $1,000 bond from Milltex, to enjoin Jacquard from prosecuting the Alabama action. On February 22 Jacquard was presented with the TRO, a copy of which was given to the Alabama court; Milltex offered no indication that the required bond had been posted. Jacquard urged the Alabama court to decide Jacquard's pending summary judgment motion. The state court thereafter held Milltex's counterclaim of a $40,000 contract barred by the Statute of Frauds and granted Jacquard's motion for summary judgment and entered judgment in favor of Jacquard for $43,382.96 on February 22, 1990.

The bond required for the TRO was posted subsequent to the Alabama court's entry of a final judgment. Milltex appealed the Alabama judgment to the Supreme Court of Alabama. The Alabama Supreme Court affirmed the trial court's decision.

Jacquard subsequently moved to dismiss the federal action on res judicata grounds. The district court denied the motion finding that the Alabama judgment was secured in violation of the TRO and that Milltex was not afforded a full and fair opportunity to litigate its counterclaims before the Alabama court. The district court then completed the trial and on October 30, 1989 entered judgment in favor of Milltex, finding an oral contract for 40,000 pounds of fabric that fell outside the Statute of Frauds and holding that Milltex was entitled to $9,344.17 in damages, the difference between its lost profits and what it owed Jacquard for the fabric that was delivered. This appeal followed.

Jacquard recently moved for the imposition of sanctions against Milltex pursuant to 28 U.S.C. § 1927. Milltex claims lack of subject matter jurisdiction over the motion and urges us to await the outcome of proceedings pending in the district court.

## DISCUSSION

■■■ The federal action involved issues identical to those raised in the Alabama

state court action. The Alabama judgment was entered before the federal judgment. The question we must answer is whether entry of the subsequent federal court judgment was barred by the doctrine of res judicata. Res judicata bars relitigation of issues between the same parties where a final judgment on the merits has been entered by a court of competent jurisdiction. *See* 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.406[1], at 266 (1990). Res judicata is linked to the full faith and credit policy. *Id.* "The ... judicial proceedings of any court of any such State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. This means that a state court judgment should receive the same preclusive effect in federal court as it would within that state's court. *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). Consideration of a state's res judicata rule is, therefore, part of the analysis.

> Under Alabama law, res judicata precludes relitigation of an action where four "essential elements" are satisfied: (1) a prior judgment has been rendered by a court of competent jurisdiction; (2) there is substantial identity of the parties in the two suits; (3) there is identity of issues in the two suits; and (4) the prior judgment was rendered on the merits.

*Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1183 (11th Cir.1981) (citing *Ozley v. Guthrie*, 372 So.2d 860, 861 (Ala. 1979)). The Alabama courts have consistently held that " '[w]here these elements are present ... the former judgment is an absolute bar to any subsequent suit on the same cause of action.' " *Ultracashmere*, 664 F.2d at 1184 (quoting *Ozley*, 372 So.2d at 861).[1]

---

1. Alabama's res judicata rule is virtually identical to the federal res judicata provision summarized below in *Amalgamated Sugar*. *See Ultracashmere House Ltd. v. Meyer*, 664 F.2d 1176,

In the case at bar, the essential elements for the defense of res judicata under Alabama law have been established. The federal action involves the same parties as those in the Alabama action. The issues raised and disposed of in Alabama mirror those litigated in the federal action. The Alabama judgment was rendered on the merits, pursuant to a motion for summary judgment. Finally, all issues raised in federal court were raised and appealed in Alabama. The Alabama judgment was affirmed on appeal. These factors clearly meet the requisites of the Alabama res judicata rule. *See Ultracashmere,* 664 F.2d at 1183–84. We must, therefore, give full faith and credit to the Alabama court judgment and preclude relitigation of these issues in federal court.

Milltex erroneously contends that the district court's prior refusal to hear Jacquard's summary judgment motion itself should be given res judicata treatment, precluding Jacquard's subsequent success on its summary judgment motion in state court. The district court ruling, however, was not a ruling on the merits but was based on untimeliness and the district court's belief that questions of fact existed. Furthermore, the denial of summary judgment is not a final order. *United States v. Florian,* 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105 (1941); *State of New York v. Nuclear Regulatory Comm'n,* 550 F.2d 745, 759 (2d Cir.1977); 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2715, at 636 (2d ed.1983). Res judicata applies only to a final judgment on the merits, *see Amalgamated Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634, 639 (2d Cir.1987), and is, therefore, inapplicable to the denial of summary judgment.

Milltex next claims that the Alabama judgment should not be given full faith and credit because it was secured in violation of the TRO.[2] This argument is unpersuasive. The Alabama court was not bound by the TRO; the TRO was specifically designed to restrain only Jacquard. *See* Fed.R.Civ.P. 65; 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2956, at 553–74 (1973). The Alabama court was fully apprised of the proceedings in federal court and decided to push forward on the state action. Jacquard had the option to proceed on the merits or voluntarily dismiss the action;[3] Jacquard decided to await the state court's ruling on its summary judgment motion prior to making its decision. The Alabama court then entered judgment in favor of Jacquard. Jacquard's alleged lack of candor with the district court does not alter the res judicata effect of the state court judgment. Although Jacquard secured the adjournment of the federal action without apprising the district court of the status of the Alabama action[4]

1183–84 (11th Cir.1981). In federal court, the first judgment entered would normally bar subsequent relitigation of the same issues if the earlier decision was "a final judgment on the merits rendered by a court of competent jurisdiction, in cases involving the same parties or their privies, where the same cause of action is asserted in later litigation." *Amalgamated Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634, 639 (2d Cir.1987).

**2.** As previously noted, the undertaking required by the TRO was not posted until after the Alabama court entered judgment on the summary judgment motion. Whether this affected the enforceability of the TRO is an issue we need not decide at this time.

**3.** The Alabama court presented Jacquard with the option of dismissing its complaint, going ahead with a trial, or awaiting the determination on the pending summary judgment motion. The Alabama court specifically stated that it would not order Jacquard to go forward with the state court action. Jacquard expressed its intent to go forward rather than dismiss the action. Jacquard then reminded the state court of the pending summary judgment motion and requested a ruling on that motion before Jacquard decided whether to go forward in Alabama court.

**4.** It is difficult to assess blame when both parties knowingly kept the district court uninformed. Jacquard allegedly used deception rather than frankness to obtain an adjournment of the district court proceedings. Milltex is not blameless either. Milltex was aware of the pending Alabama action but chose not to inform the federal district court about the status of the proceedings in Alabama until a TRO was necessary. Judge Griesa noted that had the federal court been aware of the pending summary judgment motion and trial date in Alabama, the federal action would have been completed prior to the entry of a state judgment.

and submitted a supplemental brief in support of its state court motion for summary judgment, these actions did not undermine the validity of the Alabama judgment or the authority of that court to enter judgment.

Milltex also claims that it did not have a full and fair opportunity to litigate its counterclaims in the state court and was not given notice of the summary judgment motion there. This argument is less than compelling. Milltex opposed Jacquard's state court motion for summary judgment, in part by asserting the elements of its counterclaims and its rationale for maintaining such claims. Milltex was present at the hearing and able to litigate the merits of the summary judgment motion. The Alabama court expressly considered Milltex's counterclaims in deciding the summary judgment motion. Furthermore, the Milltex counterclaims invert the Jacquard claims. When the Alabama court found that the facts supported Jacquard's claims, Milltex's claims were necessarily decided also. Summary judgment for Jacquard on its claims became, therefore, the practical equivalent of summary judgment for Jacquard on Milltex's counterclaims. Milltex also had the opportunity to appeal and did appeal the Alabama decision to the Alabama Supreme Court, albeit unsuccessfully. Milltex's lack of success on that appeal is not the same as a lack of opportunity to litigate its claims.

Finally, Milltex claims that giving effect to the Alabama judgment would offend public policy because, it seems, the Alabama judgment was entered during the federal trial and the federal trial produced a different result. This argument lacks merit. The issue of relitigation has already been discussed. It is governed by res judicata and full faith and credit. "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440

U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979). Res judicata is specifically targeted at preventing the type of relitigation that Milltex now seeks. Milltex claims that misconduct by Jacquard also offends public policy. There are suitable means of dealing with claims of misconduct without sacrificing the strong federal policies of full faith and credit and res judicata.

The Alabama judgment was entered by a court of competent jurisdiction on the merits, and involved the same parties and issues as those in the federal action. That judgment must be given full faith and credit in federal court. Therefore, we must vacate the judgment of the district court.

Finally, we find no merit in Jacquard's motion for sanctions pursuant to 28 U.S.C. § 1927 arising out of Milltex's conduct before this Court. The motion for sanctions is, therefore, denied.

The judgment of the district court is vacated and this case is remanded to the district court with instructions to dismiss the complaint. This disposition does not preclude the district court from taking disciplinary action if it deems such action appropriate.