**MILLTEX INDUSTRIES CORP., Plaintiff,**

v.

**JACQUARD LACE COMPANY, LTD., Defendant.**

No. 88 Civ. 3489 (TPG).

United States District Court, S.D. New York.

Feb. 2, 1994.

Arthur R. Lehman, Lehman & Gikow, P.C., New York City, for plaintiff.

Avrom R. Vann, Vann & Slavin, P.C., New York City, for defendant.

*OPINION*

GRIESA, District Judge.

On October 23, 1992 the court handed down an opinion holding that defendant Jacquard Lace Company, Ltd. and its attorney, Avrom Vann, Esq., had engaged in misconduct in connection with the captioned case which should be sanctioned. The court requested further submissions on the question of the amount of the sanction to be imposed. The court also requested briefing on whether there should be a sanction involving payment to the court as well as to the aggrieved party. Familiarity with the October 1992 opinion is assumed.

■ As the earlier opinion described in detail, the problem arose because of a conflict between Jacquard's obligations to the federal court in New York, and Jacquard's prosecution of an Alabama state court action involving exactly the same issues. The federal court in the opinion of October 1992 found that Jacquard and Vann breached their commitments to the federal court in New York, and engaged in subterfuge and deception in connection with the action in that court. The Court of Appeals for the Second Circuit has held that defendant is entitled to the benefit of a judgment obtained in the Alabama court and that a conflicting judgment entered by the federal court should be vacated. *Milltex Industries Corp. v. Jacquard Lace Co.,* 922 F.2d 164 (2d Cir.1991). However, the court of appeals then stated, as

it had in an unpublished order of May 29, 1990, that its rulings are without prejudice to disciplinary action by the district court.

The district court indicated in its October 1992 opinion that an appropriate sanction to be imposed would be an award to Milltex of the expenses incurred in connection with pursuing the federal court action in New York, since the expenditure for that action was wasted due to the misconduct of Jacquard and Vann.

Milltex has now made a detailed submission regarding the expenses incurred in connection with the New York action prior to the time of the Alabama judgment. This submission is not challenged in any way by either Jacquard or Vann as to its accuracy or reasonableness. The amount of attorney's fees is $19,065, and the amount of costs and disbursements is $2,445.23, for a total $21,510.23. The court rules that Milltex is entitled to a judgment against Jacquard and Vann holding them jointly and severally liable to Milltex for the amount of $21,510.23.

■ The court has considered the question of whether an additional sanction should be imposed requiring payment to the court or to the U.S. Treasury. It is clear that the court has the power to impose such a sanction under appropriate circumstances. However, the court declines to do so in this case. The amount levied in favor of Milltex is a sufficient sanction. Moreover, it is appropriate that the entire payment go to Milltex in view of the severe prejudice to Milltex caused by the misconduct of Jacquard and Vann.

### CONCLUSION

Pursuant to the inherent power of the court to impose a sanction in the case of willful abuse of the processes of the court, the court directs that a judgment be entered in favor of Milltex and against Jacquard Lace Company, Ltd. and Avrom Vann, Esq. holding them jointly and severally liable for the sum of $21,510.23.

**SO ORDERED.**