[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12535

Non-Argument Calendar

_____

CALVIN DEWAYNE WELLS,
BELINDA ANGLON WELLS,
KINDRYN MARIE WELLS,

Plaintiffs-Appellants,

*versus*

JOE MULHOLLAND,
in his personal capacity and in his official capacity as District

Attorney for the South Georgia Judicial Circuit,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:24-cv-00055-WLS

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Calvin, Belinda, and Kindryn Wells ("the Wellses") appeal from the district court's denial of their Rule 65 Motion for Temporary Restraining Order and Preliminary Injunctive Relief in their suit for declaratory and injunctive relief and damages against Joseph Mulholland, the District Attorney for the South Georgia Judicial Circuit. On appeal, the Wellses argue that the district court erred when it declined jurisdiction based on the abstention principles found in *Younger v. Harris*, 401 U.S. 37 (1971). Instead, they argue, the court should have found that one of the exceptions to the doctrine applied.

We write only for the parties who are already familiar with the facts. For these reasons, we include only such facts as are necessary to understand our opinion.

## I. DISCUSSION

We have stated that:

[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water*

24-12535                Opinion of the Court                3

*Conserv. Dist. v. United States,* 424 U.S. 800, 813, 96 S. Ct. 1236, 1244 (1976). "[F]ederal courts have a virtually unflagging obligation to exercise their jurisdiction except in those extraordinary circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Deakins* [*v. Monaghan*], 484 U.S. [193,] at 203, 108 S. Ct. [523,] at 529 (1988) (internal quotations and citation omitted). Attentive to the principles of equity, comity, and federalism, the Supreme Court in *Younger* recognized an exception to this unflagging obligation. The *Younger* Court held that federal courts should abstain from suits aimed at restraining pending state criminal prosecutions. *Younger*, 401 U.S. at 41, 91 S. Ct. at 749. In addressing whether such abstention is appropriate in a given case, we review the district court's decision to abstain for abuse of discretion. *Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1265 (11th Cir. 2000).

*For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1215–16 (11th Cir. 2002).[1] "Where a federal court is asked to interfere

---

[1] We reject the Wells' argument that the district court erred when it considered the factors set forth in *Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423 (1982), because they were inappropriate in a criminal proceeding. Those factors are: (1) an ongoing state judicial proceeding, which (2) implicates important state interests and (3) provides an adequate opportunity to raise federal constitutional challenges. *For Your Eyes*, 281 F.3d at 1217. We found those factors to be derived from *Younger* itself in *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022), a case involving a state criminal proceeding. While not set out as a test as they are in *Middlesex*, those factors

with pending state court proceedings it must proceed with caution, taking into account general considerations of federalism and, in particular, the likelihood of seriously disrupting the legitimate functioning of the judicial system of the state." *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1180 (11th Cir. 1981).

Although "[o]rdinarily a federal court should refrain from interfering with a pending state criminal prosecution," we have recognized that "intervention is appropriate only when there exist special circumstances which create a threat of great, immediate, and irreparable injury." *Rowe v. Griffin*, 676 F.2d 524, 525 (11th Cir. 1982). Specifically, we have recognized "three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson v. Fla.*, 32 F.4th 1092, 1099 (11th Cir. 2022). On appeal, the Wellses seek to fall only under the bad faith exception.

The Wellses identify two forms of bad faith that they argue should overcome the presumption against intervention: retaliation for the exercise of constitutional rights and bad faith prosecution without the reasonable expectation of a conviction, which implicates the due process clause.

---

are clearly found in *Younger* at 401 U.S. at 43-45. Thus the district court did not err in considering them.

In *Wilson v. Thompson*, 593 F.2d 1375 (11th Cir. 1979), we set forth a three-part burden-shifting test to determine if a prosecution was brought in retaliation for the exercise of the plaintiff's constitutional rights. *Id.* at 1387. We stated that:

> The Court should consider whether the plaintiffs have shown, first, that the conduct allegedly retaliated against or sought to be deterred was constitutionally protected, and, second, that the State's bringing of the criminal prosecution was motivated at least in part by a purpose to retaliate for or to deter that conduct. If the Court concludes that the plaintiffs have successfully discharged their burden of proof on both of these issues, it should then consider a third: whether the State has shown by a preponderance of the evidence that it would have reached the same decision as to whether to prosecute even had the impermissible purpose not been considered.

*Id.*

Here, the Wellses contend that their constitutional rights were violated when Mulholland indicted Kindryn after she testified in support of her parents at a hearing. Specifically, they contend that Kindryn's right to free speech and their right to present witnesses in their defense were violated. However, the Wellses misapprehend the nature of their constitutional rights. While Kindryn was in fact charged based on the content of her speech in the form of her testimony at the hearing on behalf of her parents, invoking the First Amendment will not protect her from the consequences of exercising that right. If that were indeed the case, witnesses

would never need invoke the Fifth Amendment protection against self-incrimination nor would witnesses seek immunity deals. *See, e.g., United States v. Stanley*, 739 F.3d 633, 652-53 (11th Cir. 2014) (holding that a defendant's Fifth Amendment right is not violated at sentencing when a court considers his "freely offered statements indicating a lack of remorse."). The scope of these constitutional rights does not extend as far as the Wellses suggest.

The Wellses also argue that their constitutional rights were violated when Mulholland retaliated on account of their seeking immediate release of their seized property and initiating an appeal to secure that release. We have recognized that retaliation for access to the courts violates constitutional rights. *See, e.g., Wright v. Newsome*, 795 F.2d 964 (11th Cir. 1986). But the Wellses have not adduced evidence showing that the indictments were related in any significant way to the Wellses' filings, especially in light of Mulholland's cogent explanations for the second indictment—the investigator informed him of additional evidence—and the third indictment—Kindryn incriminated herself.[2]

---

[2] We need not address the Wellses' suggestion that an exception to *Younger* abstention is appropriate in a case of retaliation or harassment even in the absence of indications of bad faith. As Wright and Miller report: "the general understanding has been that to obtain relief in a case to which *Younger* applies there must be a showing of bad faith or harassment—though it is unclear whether these are two different concepts or a single concept—or some other "unusual" or "extraordinary" circumstances." Wright & Miller, 17B Fed. Prac. & Proc. Juris. § 4255 (3d ed.). In this case, we need not decide whether bad faith or harassment are two different concepts, as opposed to a single concept; in other words, we need not decide whether retaliation or harassment can rise

24-12535                Opinion of the Court                7

Finally, the Wellses argue that Mulholland demonstrated bad faith because he indicted them without any reasonable expectation of a conviction. In the district court and on appeal, the Wellses make conclusory assertions of evidence insufficiency (as well as potential technical problems with the indictment, and their failed constitutional speech retaliation arguments). However, the record bears out that Mulholland had ample probable cause to bring the indictments. The Wellses were warned numerous times—before the search warrant, the search, and indictments—that their purchases of scrap metal were not being reported in compliance with state law; the investigating officers saw numerous appliances and vehicles in the junk yard that were almost certainly bought and should have been recorded, but the reporting from the Wellses on LeadsOnline, as required by law, was suspiciously minimal. And there is nothing in the record to suggest any hostility or bias against the Wellses on the part of Mulholland. There is no indication of past interaction with the Wellses by Mulholland or the investigating officers. As the district court found: the Wellses "failed to provide anything but conclusory statements and arguments in support of their position that Mulholland acted in bad faith in bringing or pursuing the indictments." Doc. 22 at 6. As the district court also explained in its order, the facts in the cases that the Wellses rely upon are distinguishable from the facts as alleged here; the facts in

to level of an exception to *Younger* abstention only if it is indicative of bad faith. As noted in the text above, the Wellses have fallen far short of demonstrating retaliation or harassment that might possibly warrant an exception to *Younger* abstention.

those cases are radically different from the instant case and demonstrate clear animus not found here.  *Id.* at 11-12.

Because the district court did not err when it denied the Appellants' motion for Temporary Restraining Order and Preliminary Injunctive Relief, the decision of the district court is

AFFIRMED.