**UNITED STATES of America, Plaintiff,**

v.

**VALORES CORPORATIVOS, S.A., Daniel De La Garza, Individually, and Francisco Garza Calderon, Defendants.**

**No. 90 Civ. 6435 (JES).**

United States District Court,
S.D. New York.

Oct. 20, 1993.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Paula T. Dow, Asst. U.S. Atty., of counsel), for plaintiff.

Law Offices, Yorkston W. Grist, P.C., New York City (David L. Mazaroli, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff United States, on behalf of the Export–Import Bank of the United States ("Eximbank"), brings this action seeking to recover on guarantees made by defendants (the "guarantors") of the unpaid balance of a commercial loan made to Textiles Key, S.A., (the "borrower"), a non-party to this action, in 1981. Defendants have moved for summary judgment, arguing that the unpaid balance due on the loan, along with the guarantees for that amount, were discharged by the Mexican suspension of payments court presiding over the bankruptcy of the borrower. For the reasons that follow, defendants's motion is denied.

## BACKGROUND

The relevant facts, as summarized, are as follows. In that bankruptcy, all creditors of the borrower had approved of a plan by the Mexican Receiver to sell the borrower's assets and pay 10% on its debts to each creditor out of the proceeds. As reflected in the recorded minutes of a meeting of the creditors on March 11, 1987, Eximbank agreed to accept the Receiver's plan but expressly reserved its rights to proceed against the guarantors for the balance of the loan.[1]

Five days later, on March 16, 1987, Eximbank filed suit against the guarantors in a Mexican civil court seeking payment on the loan guarantees. Eventually, the parties stipulated that the proper forum for the action was in New York and discontinued the action in Mexico. Plaintiff eventually filed that action in this Court.

On October 6, 1988, over one year after Eximbank agreed to discontinue against the guarantors in Mexico, the suspension of payments court concluded the aforesaid suspension of payments proceeding by (1) finding that payments to creditors according to the Receiver's plan had been fully satisfied, and (2) cancelling the obligations of the non-party guarantors for the rest of the borrower's debt, contrary to Eximbank's express reservation of its rights to proceed against the guarantors as recorded in the creditors' meeting minutes subsequently approved by the court.

The court further directed that personal notice of that judgment be given to the debtor borrower, the Receiver and the Office of the Government Attorney. The judgment was also listed in the Monterrey Daily Judicial Bulletin, a legal journal. Eximbank did not receive actual notice of the judgment until defendants raised their res judicata defense in the instant action. As a consequence, Eximbank never appealed that ruling.

Having received the benefit of two rounds of briefing, and having held a hearing and heard testimony from expert witnesses about Mexican suspension of payments law and about whether Mexican law required that Eximbank be notified of the judgment, the Court, in an oral opinion given at Oral Argument on January 8, 1993, denied defendants's motion for summary judgment for the reasons that follow.

## DISCUSSION

■ The Court is persuaded that defendants are not entitled to summary judgment on their defense of res judicata. The concept of res judicata embodies a policy of preventing the judicial inefficiency that would ensue if issues which have been fully litigated could be relitigated in a subsequent action. *See, e.g., Milltex Indus. Corp. v. Jacquard Lace Co.,* 922 F.2d 164, 168 (2d Cir.1991) (quoting *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979)).

■ In the instant case, although Eximbank expressly reserved its rights to proceed against the guarantors, the suspension of payments court discharged Eximbank's claims against the guarantors, even though the issue as to whether the guarantors' obligations could be properly discharged had not been actually litigated, and indeed had not even been raised. In

---

**1.** On April 9, 1987, the suspension of payments court approved the minutes of that creditors' meeting, including Eximbank's reservation of its rights.

these circumstances, the Court concludes that plaintiff was not given and did not have a full and fair opportunity to litigate its claims against the guarantors. *See, e.g., Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981); *Blonder–Tongue Lab., Inc. v. University of Ill. Found.,* 402 U.S. 313, 333, 91 S.Ct. 1434, 1445, 28 L.Ed.2d 788 (1971).

The Court rejects defendants' argument that plaintiff could have, but failed to, appeal the decision by the suspension of payments court, and thereby cannot now claim that it did not have a fair opportunity to challenge the decision of that court, especially since it was the parties' express understanding that these issues should be resolved here.[2] Moreover that argument assumes that the publication of that decision in a local newspaper was sufficient to provide plaintiff with sufficient notice, an assumption that seems particularly unfounded in view of the fact that that publication did not set forth the text of that decision or make any reference to the fact that the guarantors had been discharged. The Court therefore, need not reach the issue of whether that notice was or was not sufficient under Mexican Law, an issue disputed by experts in Mexican law, because it was not in any event sufficient to preclude the litigation of these issues in this case.

Collateral estoppel is a flexible concept based upon avoiding duplicative litigation. Where, as here, that policy is outweighed by other considerations, *i.e.,* the fact that plaintiff never was afforded actual or constructive notice of the court's decision in a manner reasonably calculated to provide actual notice, *see Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–58, 94 L.Ed. 865 (1950), and the Mexican civil action seeking the same relief was discontinued on the express understanding that those

issues would be litigated in a United States forum, the Court declines to bar plaintiff's action on that ground.

### CONCLUSION

Accordingly, notwithstanding the issues of comity present in this case, for the reasons hereinabove set forth and because defendants' other defenses raise issues of fact, defendants' motion for summary judgment is denied.

It is **SO ORDERED.**

---

**2.** *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987), relied on by defendants, is factually inapposite. There, the court determined that the discharge of a third-party guarantee was res judicata to a later suit on that guarantee even while noting that 11 U.S.C. § 524 generally precludes release of guarantors by a bankruptcy court. That court's conclusion depended, however, on the particular facts of that case which are distinct from those here, to wit, the creditor there had neither objected to the final plan of confirmation nor appealed the order of confirmation and received proper notice throughout the process.